1

2

3

4

5

6

7

8

9

10

11

**IN THE UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF CALIFORNIA**

12  KYLE J. LAWSON,                          )        1: 06 CV 0337 WMW HC
                                              )
13               Petitioner,                  )
                                              )
14        v.                                  )        MEMORANDUM OPINION
                                              )        AND ORDER RE PETITION FOR
15                                            )        WRIT OF HABEAS CORPUS
                                              )
16  WARDEN JAMES A. YATES,                    )        ORDER DENYING
                                              )        CERTIFICATE OF
17               Respondent.                  )        APPEALABILITY
    _____  )
18

19

20

21

22        Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas

23  corpus pursuant to 28 U.S.C. § 2254.  Pursuant to Title 28 U.S.C. § 636(c)(1), the parties

24  have consented to the jurisdiction of the United States Magistrate Judge.

25                              **PROCEDURAL HISTORY**

26        Petitioner pleaded guilty to second degree murder in Kern County Superior Court in

27  case number BF102472.  The court sentenced him to serve a term of 15 years to life in state

28  prison.

On February 23, 2004, Petitioner filed a brief with the California Court of Appeal, Fifth Appellate District ("Court of Appeal"), pursuant to People v. Wende, 25 Cal.3d 436 (1979), identifying no potentially arguable issues.  On March 23, 2004, Petitioner informed the court that he had attention deficit disorder and asked if that would "help with his case."  On August 4, 2004, the Court of Appeal affirmed Petitioner's conviction.

Petitioner filed a petition for review with the California Supreme Court on September 16, 2004.  The court denied review on October 20, 2006.

Petitioner filed the original petition in this habeas corpus action on March 27, 2006. On November 8, 2006, the court granted Petitioner's motion for a stay, in order for Petitioner to exhaust his state judicial remedies.  Pursuant to a request from Petitioner, the court lifted the stay on December 13, 2006.  Petitioner filed a second amended petition on January 10, 2007, to which Respondent filed an answer on January 26, 2007.   Petitioner filed a traverse on May 7, 2007.

Respondent concedes that Petitioner has exhausted  his claim.

**LEGAL STANDARD**

JURISDICTION

Relief by way of a petition for writ of habeas corpus extends to a person in custody pursuant to the judgment of a state court if the custody is in violation of the Constitution or laws or treaties of the United States.  28 U.S.C. § 2254(a);  28 U.S.C. § 2241(c)(3);  Williams v. Taylor, 120 S.Ct. 1495, 1504 fn.7 (2000).  Petitioner asserts that he suffered violations of his rights as guaranteed by the United States Constitution.  In addition, the conviction challenged arises out of the Kern County Superior Court, which is located within the jurisdiction of this court.  28 U.S.C. § 2254(a); 2241(d).  Accordingly, the court has jurisdiction over the action.

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which applies to all petitions for writ of habeas corpus filed after its

1   enactment.  Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997), *cert. denied,* 522

2   U.S. 1008, 118 S.Ct. 586 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9ᵗʰ Cir. 1997)

3   (quoting Drinkard v. Johnson, 97 F.3d 751, 769 (5ᵗʰ Cir.1996), *cert. denied,* 520 U.S. 1107,

4   117 S.Ct. 1114 (1997), *overruled on other grounds by* Lindh v. Murphy, 521 U.S. 320, 117

5   S.Ct. 2059 (1997) (holding AEDPA only applicable to cases filed after statute's enactment).

6   The instant petition was filed after the enactment of the AEDPA, thus it is governed by its

7   provisions.

8   STANDARD OF REVIEW

9        This court may entertain a petition for writ of habeas corpus "in behalf of a person in

10  custody pursuant to the judgment of a State court only on the ground that he is in custody in

11  violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

12       The AEDPA altered the standard of review that a federal habeas court must apply

13  with respect to a state prisoner's claim that was adjudicated on the merits in state court.

14  Williams v. Taylor, 120 S.Ct. 1495, 1518-23 (2000).  Under the AEDPA, an application for

15  habeas corpus will not be granted unless the adjudication of the claim "resulted in a decision

16  that was contrary to, or involved an unreasonable application of, clearly established Federal

17  law, as determined by the Supreme Court of the United States;" or "resulted in a decision that

18  was based on an unreasonable determination of the facts in light of the evidence presented in

19  the State Court proceeding." 28 U.S.C. § 2254(d); Lockyer v. Andrade, 123 S.Ct. 1166, 1173

20  (2003) (disapproving of the Ninth Circuit's approach in Van Tran v. Lindsey, 212 F.3d 1143

21  (9ᵗʰ Cir. 2000)); Williams v. Taylor, 120 S.Ct. 1495, 1523 (2000).  "A federal habeas court

22  may not issue the writ simply because that court concludes in its independent judgment that

23  the relevant state-court decision applied clearly established federal law erroneously or

24  incorrectly."  Lockyer, at 1174 (citations omitted).  "Rather, that application must be

25  objectively unreasonable."  Id. (citations omitted).

26       When the California Supreme Court has summarily denied a claim without giving a

27

28                                        3

rationale, this is considered a denial "on the merits," and is presumed to rest on grounds articulated by a lower court in its written opinion. <u>Ylst v. Nunnemaker</u>, 501 U.S. 797, 803, 111 S.Ct. 2590(1991); <u>Hunter v. Aispuro</u>, 982 F.2d 344, 347-348 (9th Cir.1992), cert. denied, 510 U.S. 887, 114 S.Ct. 240 (1993). A reviewing court may then "look through" the unexplained summary denial, and apply the deferential standard of 28 U.S.C. § 2254(d), to the lower state court's reasoned decision. However, when there is no state court decision articulating a rationale, a reviewing court "has no basis other than the record" for determining whether the state court decision merits deference under 28 U.S.C. § 2254(d)(1). <u>Delgado</u>, 223 F.3d at 981-82. In such circumstances, a reviewing court can still apply the "objectively reasonable" standard of <u>Williams</u> to the state court decision. This does not mean de novo review by the federal court, but rather "an independent review of the record is required to determine whether the state court clearly erred in its application of controlling federal law." <u>Thomas v. Hubbard</u>, 273 F.3d 1164, 1170 (9th Cir.2001); <u>Bailey</u>, 263 F.3d at 1028; <u>Delgado</u>, 223 F.3d at 982.

While habeas corpus relief is an important instrument to assure that individuals are constitutionally protected, <u>Barefoot v. Estelle</u>, 463 U.S. 880, 887, 103 S.Ct. 3383, 3391-3392 (1983); <u>Harris v. Nelson</u>, 394 U.S. 286, 290, 89 S.Ct. 1082, 1086 (1969), direct review of a criminal conviction is the primary method for a petitioner to challenge that conviction. <u>Brecht v. Abrahamson</u>, 507 U.S. 619, 633, 113 S.Ct. 1710, 1719 (1993).  In addition, the state court's factual determinations must be presumed correct, and the federal court must accept all factual findings made by the state court unless the petitioner can rebut "the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); <u>Purkett v. Elem</u>, 514 U.S. 765, 115 S.Ct. 1769 (1995); <u>Thompson v. Keohane</u>, 516 U.S. 99, 116 S.Ct. 457 (1995); <u>Langford v. Day</u>, 110 F.3d 1380, 1388 (9th Cir. 1997).

### DISCUSSION

Petitioner contends that his guilty plea was not knowingly and intelligently given,

4

because he was not informed that in order to be found guilty of second degree murder, he had

to have the intent to kill.   This contention was not presented on direct appeal.   Petitioner

raised it in a habeas petition to the California Supreme Court, which denied it without

comment.   Respondent disputes this contention.

A plea of guilty is constitutionally valid only to the extent it is "voluntary" and

"intelligent."   Brady v. United States, 397 U.S. 742, 748 (1970). In determining whether a plea

was knowingly, voluntarily and intelligently made, a reviewing court must accord a strong

presumption of verity to the declarations made by a defendant in open court. Blackledge v.

Allison, 431 U.S. 63, 74 (1977).   "[R]epresentations [made by] the defendant, his lawyer, and

the prosecutor at [a plea] hearing, as well as any findings made by the judge accepting the

plea, constitute a formidable barrier in any subsequent collateral proceedings." Id. at 73-74.

Furthermore, Petitioner's allegations of a coerced plea must be specific and point to a real

possibility of a constitutional violation. "[S]ubsequent presentation of conclusory allegations

unsupported by specifics is subject to summary dismissal, as are contentions that in the face

of the record are wholly incredible." Id. at 74, *citing* Machibroda v. United States, 368 U.S.

487, 495-496 (1962); Price v. Johnston, 334 U.S. 266, 286-287 (1948).

The crime of second degree murder in California does not require the intent to kill.

CALJIC No. 8.31 defines the elements of second degree murder as follows: (1) the killing

resulted from an intentional act; (2) the natural consequences of the act are dangerous to

human life; and (3) the act was deliberately performed with knowledge of the danger to, and

with conscious disregard for, human life.   See People v. Dellinger, 49 Cal.3d 1212, 1215

(1989)(the malice necessary for murder is implied "when the killing results from an

intentional act, the natural consequences of which are dangerous to life, which act was

deliberately performed by a person who knows that his conduct endangers the life of another

and who acts with conscious disregard for life."); People v. Nievo Benitez, 4 Cal.4th 91, 103-

04 (1992) (malice is implied where "the defendant for a base, antisocial motive and with

1  wanton disregard for human life, does an act that involves a high probability that it will result

2  in death").

3       As Respondent argues, when a killing is the direct result of an act such as described

4  above, it is not necessary for the state to prove that the defendant intended for the act to result

5  in death.  Implied malice is sufficient.   That is, because second-degree murder can be found

6  based on implied malice, the intent to kill was not a necessary element of the crime.

7       In this case, the evidence strongly suggested implied malice, if not an actual intent to

8  kill.  Petitioner hit the child repeatedly in the head with his fist, causing extensive and

9  multiple fractures to her skull.  The child also had bruising over other parts of her body.

10      The record in this case shows that Petitioner pleaded guilty to "willfully and

11  unlawfully and deliberately with malice aforethought" murdering the child.  Petitioner

12  conceded he was entering a plea to a serious and violent felony, and agreed that he had the

13  opportunity to discuss the plea with his attorney.   The trial court engaged in a complete

14  advisement of Petitioner's rights and the consequences of entering a plea, including reading

15  the charges.   The court then found that Petitioner was "fully and fairly advised of all of his

16  constitutional, statutory and other rights in connection with this matter, that he understands

17  those rights, and that he has freely and voluntarily given up those rights for the purposes of

18  entering this plea."

19      In light of the above, the court finds meritless Petitioner's claim that his plea was not

20  knowingly and intelligently given.  Contrary to Petitioner's claim, second degree murder does

21  not require an intent to kill, and the record demonstrates that Petitioner's plea was knowingly

22  and voluntarily entered.  The court finds, therefore, that Petitioner has failed to carry his

23  burden of demonstrating that the California Supreme Court clearly erred in its application of

24  controlling federal law in deciding Petitioner's case..

25

26      Petitioner may seek to appeal from the judgment of the court in this case.  Petitioner

27

28                                         6

cannot proceed on such an appeal absent a certificate of appealability.  The controlling

statute, 28 U.S.C. § 2253, provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from--
> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court;  or
> (B) the final order in a proceeding under section 2255.
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

In the present case, the court finds no denial of a constitutional right.  Accordingly, a

certificate of appealability will be denied.

Based on the foregoing, IT IS HEREBY ORDERED as follows:

1)      The petition for writ of habeas corpus is DENIED;

2)      A certificate of appealability is DENIED;

3)      The Clerk of the Court is directed to enter judgment for Respondent and to close this

case.


IT IS SO ORDERED.

**Dated:    April 28, 2008**              _____/s/  William M. Wunderlich_____
                                          UNITED STATES MAGISTRATE JUDGE